**Raul Garcia JIMINEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–86–0614–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 12, 1987.

Ricardo Noe Gonzalez, Juan Ramon Flores, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Roe Morris, Bob Loper, Harris County Asst. Dist. Attys., Houston, for appellee.

Before WARREN, HOYT and DUNN, JJ.

## OPINION

WARREN, Justice.

The appellant waived a jury, and pleaded guilty to the offense of aggravated kidnapping. The trial court found him guilty and assessed punishment at 20 years imprisonment.

In his only point of error, the appellant complains that he was denied an evidentiary hearing on his motion for new trial, in which he alleged that he was deprived of the effective assistance of counsel in entering his plea.

At the hearing on the motion, the appellant acknowledged that his complaint could be made by a post-conviction writ of habeas corpus, but he suggested to the trial court that his motion for new trial was an efficient vehicle for developing evidence of ineffective assistance. The trial court concluded that there was no basis for a new trial and denied the motion without an evidentiary hearing.

The motion for new trial alleged that the appellant speaks Spanish, and has a very limited understanding of English. Consequently, he relied entirely on his attorney to explain the consequences of his guilty plea. The motion further alleges that trial counsel advised the appellant that he would receive no more than a five year sentence, and that counsel told the appellant that the complainant had made certain exculpatory statements, which counsel never investigated.

The record shows that the appellant indicated that he understood the trial court's admonishment regarding the proper range of punishment and his right to a jury trial. The appellant answered affirmatively when asked if he pleaded guilty because he was in fact guilty. He also acknowledged that he knew no punishment recommendation had been made, and personally identified his signature on his judicial confession. At no time did the appellant state that he did not understand English.

On some occasions, trial courts have granted hearings on motions for new trial in order to develop testimony regarding ineffective assistance of counsel. *See Morris v. State*, 696 S.W.2d 616, 619 (Tex. App.—Houston [14th Dist.] 1985, no pet.) (motion alleging counsel's negligent failure to call witnesses); *Amaya v. State*, 677 S.W.2d 159, 162 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd) (motion alleging conflict of interest on trial counsel's part). But the applicable rules do not *require* a new trial or a hearing, when ineffective assistance of counsel is alleged in a motion for new trial. Tex.R.App.P. 30(b). It appears that the granting of a motion for new trial on the ground of ineffective assistance of counsel is a matter entirely within the trial court's discretion. The trial court acted within its discretion in determining that

no hearing was required. Appellant's point of error is overruled.

The judgment is affirmed.