**Claude E. HAFFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 09–93–015 CR.

Court of Appeals of Texas, Beaumont.

Nov. 3, 1993.

---

T. Alan Hart, Jasper, for appellant.

Guy James Gray, Dist. Atty., Jasper, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

**OPINION**

WALKER, Chief Justice.

This appeal originates from a conviction for the felony offense of Possession of Con-

sider the contention raised in the third point of error that the evidence was insufficient to support such finding.

trolled Substance, less than 28 grams. The record before us clearly reflects that a plea bargain agreement existed between the State and appellant in which appellant was to receive ten (10) years' confinement in the Institutional Division of the Texas Department of Criminal Justice in exchange for his guilty plea. The trial court followed said agreement. This took place on October 7, 1992. On November 5, 1992, appellant filed a Motion For New Trial. On November 30, 1992, the trial court held an evidentiary hearing on said motion. At the conclusion of the hearing, the trial court denied the motion. Appellant raises a single point of error on appeal, *viz:*

> Point of Error Number One: The trial court erred in not granting appellant's Motion For New Trial because appellant's plea of guilty was not voluntary.

The record before us reflects that appellant's written motion contains three paragraphs. The first paragraph is about three times longer than the other two and alleges that "[t]he verdict rendered herein on October 7, 1992 is contrary to law and the evidence of this alleged offense" in that appellant was "illegally restrained and unlawfully forced to submit to two searches." It is abundantly clear that this first paragraph attempted to raise issues of suppression of the contraband which should have been raised well before appellant pleaded guilty. The second and third paragraphs are reproduced below:

## II.

Defendant alleges that he did not have sufficient time between the appointment of counsel and October 7, 1992 (the date the judgment was rendered) in which to adequately consider his options. Defendant alleges that he was confused and failed to realize and comprehend the information and advice given to him by his appointed counsel on October 7, 1992.

## III.

In making this motion, Defendant does not allege that he received ineffective assistance of counsel during the plea bargaining process leading up to the entry of his plea, but that he, by reason of excessive confusion or some similar mental impairment, failed to realize the true extent of his actions.

■ It has been consistently held that the decision on a motion for new trial rests within the sound discretion of the trial court, and in the absence of an abuse of discretion appellate courts are not justified in reversing the judgment. *State v. Gonzalez*, 855 S.W.2d 692, 696 (Tex.Crim.App.1993). The credibility of witnesses for purposes of granting a new trial is a matter to be determined by the trial court. *Etter v. State*, 679 S.W.2d 511, 515 (Tex.Crim.App.1984). Indeed, the Court of Criminal Appeals has held that in a hearing on a motion for new trial containing conflicting evidence as to the issue of jury misconduct, there is no abuse of discretion by the trial court in overruling said motion. *Sneed v. State*, 670 S.W.2d 262, 266 (Tex. Crim.App.1984). We find no reason not to apply that standard to the circumstances of the instant appeal.

■ The record before us of the guilty plea proceeding does not indicate any evidence of appellant's incompetence to stand trial.[1] The statement of facts of the plea proceeding indicates that appellant stated that he understood that he was waiving indictment; that appellant stated that he understood that the trial court was not bound by the plea bargain agreement; and that appellant stated that he was pleading guilty freely and voluntarily. The trial court then found that appellant was mentally competent to enter his plea.

■ At the hearing on the motion for new trial, the trial court refused to consider the issue of the alleged unlawful seizure of the contraband. With regard to appellant's men-

---

1. TEX.CODE CRIM.PROC.ANN. art. 46.02 (Vernon 1989) deals with incompetency to stand trial, and provides, in pertinent part:

    Sec. 1. (a) A person is incompetent to stand trial if he does not have:

    (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; or
    (2) a rational as well as factual understanding of the proceedings against him.

tal competence, the following three portions of appellant's testimony was typical of appellant's evidence in its entirety:

Q. (appellant's counsel) Are you now telling the judge that you want to have your day in court on this case?

A. (appellant) Yes, that's what I'm saying because I really wasn't understanding, you know, what you was telling me and I really didn't think I had enough time. I—like I said, I was confused. I was pressured because, like I said, it was five to six days and I hadn't seen you until the day I got ready to take the plea bargain and I really didn't have enough time to consider my options. (*sic et passim*)

\* \* \* \* \* \*

Q. You appeared to understand what you were doing—is that right—and I—

A. Not really, because, like I said, it was happening too fast. I really didn't have time to think about—think about anything.

\* \* \* \* \* \*

Q. (the State) Your attorney didn't explain to you what a waiver—

A. Like I said, he might have. It was too fast. I was confused. That's what I'm saying. I wasn't thinking straight that day of the plea bargain. I was under emotion of stress. (*sic et passim*)

A very significant portion of appellant's testimony occurred during cross-examination by the State when appellant admitted that he had gone through an almost identical guilty plea proceeding some four years prior. We find the following exchange quite probative:

Q. (the State) Okay. About four years before you had been through these same questions when you pled the first time to an offense; isn't that correct, sir?

A. Yes, sir. It was the same way it is now. It was too fast. I really didn't have time, and I really didn't understand what

was going on then. That's the reason I filed this motion for the new trial today.

We find no abuse of discretion in the trial court's denial of appellant's motion for new trial. It appears that appellant's main concern was the search and seizure issue and that the competency issue was somewhat of an afterthought. Appellant had been involved with guilty plea proceedings some four years before. Furthermore, the testimony of appellant's own attorney can be characterized as inconclusive at best. Any credibility determinations were for the trial court to make. A fact issue as to appellant's competence to go forward with the guilty plea proceeding on October 7, 1992, was raised. We find no error by the trial court in denying appellant's motion for new trial. Point of error one is overruled, and the judgment and sentence are affirmed.

AFFIRMED.

BURGESS, Justice, dissenting.

I respectfully dissent. It is always difficult to conclude a trial judge has "abused his discretion".[1] Yet, as pointed out in *State v. Gonzalez*, 855 S.W.2d 692, 696 (Tex.Crim. App.1993), this has been the standard of review for more than forty years.

At the risk of being redundant, it is uncontroverted that:

(1) the offense was alleged to have been committed on September 29, 1992;

(2) appellant was brought to trial on October 7, 1992, and was given eight days credit on his prison sentence, thus he had been incarcerated the entire time;

(3) on October 7, 1992,[2] (a) the complaint was filed in the District Court, (b) the information was filed in District Court, (c) counsel was appointed, (d) indictment was waived, (e) ten days to prepare for trial was waived, (f) the plea was taken, (g) ten days for sentenc-

---

1. In *Cantu v. State,* 842 S.W.2d 667, 682 (Tex. Crim.App.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 3046, 125 L.Ed.2d 731 (1993), the abuse of discretion standard was discussed and the court held it would reverse "only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree."

2. While all of the instruments are "date" stamped, none of them are "time" stamped. They are, however, placed in an appropriate chronological order in the transcript.

ing was waived, and (h) right to appeal was waived;

(4) on October 13, 1992, the judgment was signed;

(5) on November 5, 1992, the motion for new trial was filed;

(6) on November 23, 1992, a judgment nunc pro tunc was signed;[3]

(7) on November 30, 1992, the motion for new trial was heard;

(8) on December 1, 1992, an order denying the motion for new trial was signed;

(9) on December 22, 1992, permission to appeal was granted;

(10) on January 4, 1992, notice of appeal was filed.

At the hearing on the motion for new trial, appellant testified:

(1) he saw his lawyer for the first time on October 7, 1992;

(2) about 15 minutes elapsed between the first time he met his lawyer and the time he entered his guilty plea;

(3) he "really wasn't understanding ... what [his lawyer] was telling" him;

(4) he was confused, was pressured and "really didn't have enough time to consider [his] options"; and

(5) while he may have appeared to understand, he really didn't;

Appellant's attorney testified he "had no idea if [appellant] was, in fact, confused about what was going on...." The attorney went on to state appellant did seem confused or "[t]hat something was going on." When asked if he had brought this to the Court's attention, the attorney stated: "No. And the reason I was going to tell you that was because of his lack of communication with me. I mean, it was—he was listening. He appeared, you know, to hear what I was

saying and he signed it, but there was very little talk between he and I about the case."

The question raised on appeal is one of voluntariness, not competence. Appellant alleges his plea was not voluntary because of the time constraints.[4] Yet the majority frames the discussion in terms of competency. The majority finds quite probative, and describes as "almost identical", the fact that appellant admitted he had pleaded to an offense four years before. However, the state failed to produce any evidence that plea was similar, much less identical, in a time context, to the plea we now consider. Furthermore, the statement of facts regarding the plea is only 5 pages and could not have lasted more than five minutes.

The attitude of the state can best be summed up in their own words to the trial judge: "The man has pled. He only gets one bite at the apple. He has already had his day in court, and he had a right back then to go to trial. However, after the plea of guilty, there was no reason for it. *And to this day there is not absolutely any evidence that he is not guilty.* And because of *that,* Your Honor, we would ask that the plea stand as it is." (Emphasis mine.)

I do not believe this attitude, in this case, is compatible with TEX.CODE CRIM.PROC.ANN. art. 2.01 (Vernon Supp.1993) wherein it states, in pertinent part,: "It shall be the primary duty of all prosecuting attorneys, ..., not to convict, but to see that justice is done." Justice is, arguably, a vague concept, which only has a definite meaning within the mind and heart of each individual. Therefore, what is justice to me, may not be justice to the prosecutor. We do, however, allude to "the criminal justice system." This system has a "being" of its own. It has an integrity of its own; far more important than that of any single component of the system.

When viewed in this context, I believe the trial judge abused his discretion in denying the motion for new trial. In relative terms,

---

**3.** The judgment nunc pro tunc corrected the date of the offense from September 19, 1992, to September 29, 1992.

**4.** It is interesting to note that this plea was a dual one. That is, there were two defendants entering pleas at the same time. Throughout the state-

ment of facts, there is only reference to "Defendants" with a single answer in each instance. Were the two defendants speaking in exact unison? Did each defendant answer each question? "The record speaketh not."

there had been precious little prosecution or court time allotted to this case. There are no allegations nor any evidence that affording appellant a trial would unduly burden the system. The statement of facts from the guilty plea shows only the standard, superficial inquiry into each facet of the plea. Same day, same hour pleas, by their very nature, should be "red flags" and dictate an extended, meaningful examination of a defendant. More often than not, these "hurry up and move the case" pleas result in claims of involuntary pleas, ineffective assistance of counsel and other claims which, in turn, undermine the system. Not only should the guiltiest of the guilty be secure in the penitentiary, if appropriate, but they should also be secure in the knowledge they were put there by a system which has integrity. This case has afforded Claude Hafford the former, but not the latter. I dissent.