**Juan Ignacio PERRETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–92–01134–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 3, 1994.

Tom Zakes, Houston, for appellant.

Ernest Davila, Houston, for appellee.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Appellant was charged with the felony offense of aggravated sexual assault of a child under fourteen (14) years of age. Appellant pleaded guilty, without an agreed recommendation as to punishment, to the charge. The trial court accepted appellant's plea as voluntary and assessed his punishment at five (5) years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a motion for new trial alleging ineffective assistance of counsel, which the trial court denied. In a single point of error, appellant contends that the trial court erred in denying his motion for new trial because he was denied effective assistance of counsel at the time of his plea. We affirm.

In his sole point of error, appellant alleges that the trial court erred in denying his motion for new trial because he did not have effective assistance of counsel at the time he pled guilty. Specifically, appellant alleges that his trial counsel, Hector Chavana, misinformed him about the possibility of deportation and failed to meet with him while in jail.

■ The granting of a motion for new trial on the ground of ineffective assistance of counsel is a matter entirely within the trial court's discretion. TEX.R.APP.P. 30(b); *State v. Thomas*, 768 S.W.2d 335, 336 (Tex.App.— Houston [14th Dist.] 1989, no pet.); *Messer v. State*, 757 S.W.2d 820, 827 (Tex.App.— Houston [1st Dist.] 1988, pet. ref'd) (opinion on rehearing); *Jiminez v. State*, 727 S.W.2d 327, 328 (Tex.App.—Houston [1st Dist.] 1987, no pet.). When considering a motion for new trial, the trial judge possesses broad discretion in assessing the credibility of witnesses and in weighing the evidence to determine whether a different result would occur upon retrial. *Messer*, 757 S.W.2d at 827. The trial judge's findings should not be disturbed unless an abuse of discretion has been shown. *Tollett v. State*, 799 S.W.2d 256, 259 (Tex. Crim.App.1990).

At the hearing on the motion for new trial, the trial court is authorized to hear evidence by affidavit or otherwise and to determine the issues. TEX.R.APP.P. 31(d). In this case, appellant's motion for new trial was heard on affidavits and testimony. The affidavits of appellant and his trial counsel, Hector Chavana, were presented at the hearing. After hearing all of the evidence, the trial court denied appellant's motion for new trial. We must now determine if the trial court abused its discretion.

■ A defendant in a criminal case is entitled to reasonably effective assistance of counsel. *Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex.Crim.App.), *cert. denied*, 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1986); *Ex parte Duffy*, 607 S.W.2d 507, 513 (Tex. Crim.App.1980). We are guided by the federal standard enunciated in *Strickland v. Washington* in determining whether a defendant received effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Wilkerson*, 726 S.W.2d at 548. The defendant must show: (1) counsel's performance was deficient, and (2) the deficient performance may have fatally prejudiced the defendant's case. Essentially, appellant must show that (1) counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is defined as a probability sufficient to undermine confidence in the outcome. *Miniel v. State*, 831 S.W.2d 310, 323 (Tex.Crim.App.), *cert. denied*, —— U.S. ——, 113 S.Ct. 245, 121 L.Ed.2d 178 (1992).

■ Judicial scrutiny of counsel's performance must be highly deferential. We must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. An ineffectiveness claim cannot be demonstrated by isolating one portion of counsel's representation. *McFarland v. State*, 845 S.W.2d 824, 843 (Tex.Crim.App.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 2937, 124

L.Ed.2d 686 (1993). Therefore, in determining whether the *Strickland* test has been met, counsel's performance must be judged on the totality of the representation. *Strickland*, 466 U.S. at 670, 104 S.Ct. at 2056. The defendant must prove ineffective assistance of counsel by a preponderance of the evidence. *Cannon v. State*, 668 S.W.2d 401, 403 (Tex.Crim.App.1984).

■ In the present case, appellant contends that his trial counsel, Chavana, was ineffective for two reasons. First, appellant alleges that Chavana told him that if he pleaded guilty and received deferred adjudication, he would be subject to deportation. He claims, in effect, that this assertion induced him to plead guilty. In Chavana's affidavit, he stated that he told appellant that "even if he were granted any form of a probated or deferred sentence, that he would be subject to deportation, denial of naturalization, or exclusion from admission to the United States, based on the fact that he was not a citizen." We note appellant's trial counsel's statement was correct as to regular probation, but not as to deferred adjudication because the trial court makes no finding of guilt. *See* TEX.CODE CRIM.PROC.ANN. art. 42.-12, § 5 (Vernon Supp.1993). Chavana's advice, even though partially incorrect, did not automatically result in ineffective assistance of counsel warranting reversal. Appellant has failed to show that but for the advice he would have changed his plea.

The record reveals that on August 21, 1992, appellant pled guilty to the charge of aggravated sexual assault of a child under fourteen (14) years of age. Before accepting the plea, the trial court fully admonished appellant concerning the consequences of his plea in accordance with article 26.13 of the Texas Code of Criminal Procedure. Appellant signed the written admonishments, which specifically set out the possibility of deportation for non-citizens. The written admonishments expressly stated:

> Pursuant to Article 26.13(d), Code of Criminal Procedure, the court admonishes you the Defendant as follows and instructs you to place your initials by each item if you fully understand it:

(6) *If you are not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense with which you are charged in this case may result in your deportation, or your exclusion from admission to this country, or your denial of naturalization under federal law.*

Now Comes the Defendant in the above captioned cause and makes the following statements and waivers prior to the court accepting my plea of guilty or plea of nolo contendere.

(8) I fully understand the consequences of my plea herein, and after having fully consulted with my attorney, request that the trial court accept said plea;

(9) I have freely, knowingly and voluntarily executed this statement in open court with the consent of and approval of my attorney.

The record reveals that appellant initialed each paragraph of the written admonishments, including those cited above.

At the hearing on the motion for new trial, the trial court stated the following to appellant's counsel, Tom Zakes:

Mr. Zakes, you understand the law states that this is not a basis for deportation. I will go ahead and announce on the record that the Court will not take that as any negative effect on Mr. Perrett because if anything that might have caused him from the very beginning to ask for a jury trial and hope to be acquitted knowing that if he got deferred adjudication, that he would still, maybe, be deported. He still came before me, entered a plea of guilty, and was hoping to receive probation. And the Court very well remembers Mr. Perrett and does remember Mr. Perrett was unhappy that he did not get probation. Mr. Perrett perhaps was not aware that the Court could have just as well given him 60 years for violating a young girl of under 14 years of age while the defendant is a man of 22 years. I gave him a break and sentenced him to the minimum of five years. The record will reflect that the mother of the child was not opposed to probation. No representation was ever made in this courtroom that the mother's

wishes or lack of opposition would automatically guarantee anybody probation on a crime as horrible as this.

Assuming appellant had pled not guilty, and the jury had found him guilty, he would still be subject to deportation. Appellant has failed to show any harm by his counsel's incorrect statement. Despite the alleged erroneous advice and the court's oral and written admonishments, appellant still entered a plea of guilty.

The trial court also noted that appellant entered a plea of guilty hoping to get probation. On August 21, 1992, Chavana filed a Motion for Probation, which was signed by appellant. The entry of a guilty plea in hope of escaping the possibility of a higher sentence will not invalidate a guilty plea. *See, e.g., Galvan v. State*, 525 S.W.2d 24, 26 (Tex.Crim.App.1975).

Secondly, appellant asserts that he was harmed by his trial counsel's failure to meet with him in the jail for individual consultations, which were not available in court. We disagree. In Chavana's affidavit, he stated that: "I spoke with him on July 20 and August 14 in court regarding his case. I did not visit him at anytime in the Harris County Jail." Appellant has failed to specifically show how meeting with his counsel at the jail would have benefitted his defense. *See, e.g., Yuhl v. State*, 784 S.W.2d 714, 717 (Tex. App.—Houston [14th Dist.] 1990, pet. ref'd). Moreover, appellant has failed to show how jail consultations, as opposed to court consultations, would have impacted the outcome of the case.

The State's attorney testified at the hearing that he spoke with Chavana on several occasions about appellant's case. Also, the State maintained an open file, and Chavana looked through the file, which included the offense report and medical records from the rape kit exam at the hospital.

After reviewing the totality of the representation, we find that the first prong of *Strickland* has not been satisfied because the evidence failed to show the performance of appellant's trial counsel was deficient. The fact that appellant's counsel made mis-

takes at trial, and other counsel might have tried the case differently, does not show ineffective representation. *Ingham v. State,* 679 S.W.2d 503, 509 (Tex.Crim.App.1984). In this case, the two alleged errors do not rise to the level of ineffective assistance of counsel so as to warrant reversal. Thus, appellant failed to establish the initial showing of ineffective assistance of counsel. And even if such alleged errors were assumed to be below the standard, there is no showing that the result would have been different. We find that the trial court did not abuse its discretion in denying appellant's motion for new trial and overrule appellant's sole point of error.

Accordingly, the judgment of the trial court is affirmed.