CR5-408.Torres.draft 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00408-CR







Adam Torres, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. A-94-0677-S, HONORABLE BARBARA WALTHER, JUDGE PRESIDING







PER CURIAM


 In a joint trial involving four defendants, a jury found appellant, Adam Torres,
guilty of aggravated assault with a deadly weapon. The jury assessed punishment at imprisonment
for four years and a $5000 fine. By one point of error, appellant contends that he received
ineffective assistance of counsel during the punishment phase of his trial and is entitled to a new
punishment hearing. We will affirm the trial-court judgment. 

 On either April 19 or 20, 1995, around 2:30 a.m., three men and a woman entered
an apartment in San Angelo and attacked the occupants. Appellant arrived carrying a baseball bat. 
Another man beat the victim with the bat. The trial court charged the jury on the law of parties. 
The trial court entered a judgment reflecting the jury's guilty verdict and its punishment
assessment. 

 Appellant filed a motion for new trial, contending that he received ineffective
assistance of counsel in four instances. He contended that, considering these occurrences, his
legal representation during the punishment phase of trial was deficient to such an extent that he
should receive a new punishment hearing. Appellant contended that his attorney was ineffective
because he (1) failed to adequately communicate the State's offer of a plea bargain to appellant
before trial; (2) was not adequately prepared for trial; and (3) elicited damaging, inadmissible
evidence from a State witness. The trial court held a hearing regarding appellant's claims of
ineffective assistance. At the hearing, appellant, his trial attorney, and some of his co-defendants
testified. After hearing evidence, the trial court denied appellant's motion for new trial. 
Appellant raises the same complaints in this Court, with an additional contention that he received
ineffective assistance of counsel because his attorney represented multiple defendants at trial
whose interests conflicted. 

 The granting of a motion for new trial on the ground of ineffective assistance of
counsel is a matter within the trial court's discretion. Tex. R. App. P. 30(b); State v. Gonzalez,
855 S.W.2d 692, 696 (Tex. Crim. App. 1993). When considering a motion for new trial, the trial
court possesses broad discretion in assessing the credibility of witnesses and in weighing the
evidence to determine whether a different result would occur upon retrial. Perrett v. State, 871
S.W.2d 838, 839 (Tex. App.--Houston [14th Dist.] 1994, no pet.). We will not disturb the trial
court's ruling unless the record reflects an abuse of discretion. Id. 

 The effective assistance guarantee ensures that criminal defendants receive a fair
trial. Almanzar v. State, 702 S.W.2d 653, 655 (Tex. Crim. App. 1986). The test for
effectiveness of counsel during the punishment phase of a trial of a non-capital offense is, (1)
whether counsel was reasonably likely to render effective assistance, and (2) whether counsel
reasonably rendered effective assistance. Craig v. State, 825 S.W.2d 128, 129-30 (Tex. Crim.
App. 1992) (citing Ex parte Walker, 794 S.W.2d 36, 37 (Tex. Crim. App. 1990) and quoting Ex
parte Duffy, 607 S.W.2d 507, 514 n.14 (Tex. Crim. App. 1980)). The right to reasonably
effective assistance of counsel does not guarantee appellant errorless counsel. Ex parte Kunkle,
852 S.W.2d 499, 505 (Tex. Crim. App. 1993). 

 The sufficiency of counsel's assistance is gauged by the totality of the accused's
representation. Ex parte Cruz, 739 S.W.2d 53, 58 (Tex. Crim. App. 1987). A fair assessment
of counsel's performance requires that every effort be made to eliminate the distorting effects of
hindsight, to reconstruct the circumstances, and to evaluate the conduct from counsel's perspective
at the time. Ex parte Kunkle, 852 S.W.2d at 505. The burden is on appellant to demonstrate
ineffective assistance of counsel by a preponderance of the evidence. Moore v. State, 694 S.W.2d
528, 531 (Tex. Crim. App. 1985); Jaile v. State, 836 S.W.2d 680, 683, 686-87 (Tex. App.--El
Paso 1992, no pet.). Allegations of ineffectiveness will be sustained only if they are firmly
founded in the record. Valdes-Fuerte v. State, 892 S.W.2d 103, 110 (Tex. App.--San Antonio
1994, no pet.). 



CONFLICT OF INTEREST


 Appellant argues that he received ineffective assistance of counsel because his
attorney represented three of four defendants at trial and their interests conflicted. 

 An attorney may represent multiple defendants in a criminal trial without a conflict
existing among the defendants' interests. Almanzar, 702 S.W.2d at 655. It is imperative,
however, that a defense attorney not become entangled in a web of conflicting interests among
multiple co-defendants. Id. Thus, an attorney's representation of multiple defendants in a
criminal trial does not necessarily result in ineffective assistance or prevent the opportunity of a
fair trial for the defendants. Id. (citing Holloway v. Arkansas, 435 U.S. 475, 482-83 (1978)). 
We review the record to determine whether a conflict of interests existed among the three
defendants. 

 At a pre-trial hearing, the court inquired of counsel and appellant if they had
discussed possible conflicts of interest that might develop because counsel was representing some
of appellant's co-defendants. The attorney responded that he and the defendants had discussed
possible conflicts of interest and that all were aware of the possibilities. The trial court then asked
counsel if he had read all of the reports and determined what the State would be attempting to
prove against the defendants; the attorney responded that he had. Finally, the court asked counsel
if he had determined whether any conflicts of interests existed; counsel responded that he had and
that no conflicts existed. The trial court then asked appellant and the other two defendants
represented by appellant's attorney the following,



Gentlemen, you understand that in any case where several people are -- allegedly
are accused of acting in one situation and having one lawyer defend them could
cause some problems? In other words, what he says may be bad for you; what you
say may be bad for you, and you've got one lawyer trying to defend both of you -
three of you in this case. You know, there could be some problems. Do you
understand that?



Appellant and the other two defendants indicated that they did. The trial court asked the three
men if they still wanted appellant's attorney to represent them; they indicated that they did. At
the hearing on the motion for new trial, counsel explained that appellant and his brother, one of
appellant's co-defendants, had come to his office seeking to employ him as their attorney to
defend against the charges of aggravated assault. Counsel said that the three co-defendants he was
representing all contended that they were innocent. Additionally, all three denied having or using
a baseball bat. The record reveals that none of the three co-defendants testified during the guilt-innocence phase of the trial and that all three of them testified consistently with each other during
the punishment phase of the trial. We conclude that appellant has failed to show that there existed
a conflict among the three co-defendants that denied him effective assistance of counsel. 



PLEA NEGOTIATIONS


 Appellant acknowledges that counsel timely advised him that the State had extended
a plea offer. Appellant argues, however, that he was denied effective assistance of counsel
because his attorney did not communicate the State's offer to him in sufficient detail so that he
completely understood the offer. Appellant's entitlement to reasonably effective assistance of
counsel includes defense counsel's duty to inform him of any plea offer by the State. Randle v.
State, 847 S.W.2d 576, 580 (Tex. Crim. App. 1993) (citing Ex parte Wilson, 724 S.W.2d 72
(Tex. Crim. App. 1987)). 

 At the hearing on the motion for new trial, the trial court heard evidence about
whether counsel effectively communicated the State's plea offer to appellant. The attorney stated
that, on several occasions, he had discussed with appellant the State's offer of deferred
adjudication, five years probated and a $1,000 fine. He stated that he did his best to explain to
appellant the benefits of the State's offer. Counsel stated that at no time did appellant or either
of the other two co-defendants he represented express a desire to plead guilty. Appellant testified,
conversely, that his attorney mentioned the State's plea offer to him only once. Appellant claimed
that his attorney never explained the State's offer to him, rather, he only mentioned it and decided
for appellant that he should not take the offer. Appellant stated that, though he was innocent, he
would have pleaded guilty and taken the State's offer of deferred adjudication if his attorney had
fully explained it to him. On cross-examination, appellant stated that his attorney had explained
deferred adjudication to him though he could not remember the difference between deferred
adjudication and probation. 

 The credibility of witnesses for purposes of granting a new trial is a matter to be
determined by the trial court. Hafford v. State, 864 S.W.2d 216, 217 (Tex. App.--Beaumont
1993, no pet.) (citing Etter v. State, 679 S.W.2d 511, 515 (Tex. Crim. App. 1984)). In light of
the conflicting testimony heard by the trial court at the hearing on the motion for new trial, the
trial court was in the best position to evaluate the witnesses' testimony. When reviewing the
record and evaluating appellant's attorney's conduct, appellant's allegation of ineffectiveness
regarding his attorney's failure to effectively communicate the State's plea offer is not firmly
founded in the record. We cannot conclude that appellant has shown that his legal representation
was ineffective regarding the plea negotiations. 




TRIAL PREPARATION


 Appellant also argues that his attorney was not properly prepared for trial because
he had only two or three meetings with appellant, he did not meet with appellant the weekend
before trial, he did not obtain a list of witnesses, and he did not prepare appellant for testifying. 

 When an appellant fails to indicate to the appellate court other defenses he may
have had, we cannot second guess the trial strategy employed by trial counsel, and the fact that
another attorney may employ different tactics is insufficient to support a claim of ineffective
assistance of counsel. Martin v. State, 623 S.W.2d 391, 395 (Tex. Crim. App. 1981). Counsel
testified that before trial he had reviewed the State's files and attempted to interview witnesses.

 Appellant does not indicate what defenses he may have had that were not advanced
by counsel or name the witnesses that may have been called but were not. The record reveals that
counsel was not unprepared for trial. He presented witnesses at the punishment hearing and cross-examined the State's witnesses. Appellant has failed to show that his attorney's performance in
this regard amounted to ineffective assistance of counsel.



 ELICITING DAMAGING TESTIMONY


 During the trial's punishment phase, the State called Officer Tim Vasquez. The
State asked Vasquez if he knew appellant. He said that he did and that he knew he had a bad
reputation. Appellant's attorney, on cross-examination, opened the door to testimony from
Vasquez that appellant, when he was a juvenile, had been arrested for aggravated assault. The
State through Vasquez then established that appellant's aggravated assault committed as a juvenile
included the use of a baseball bat.

 In reviewing the record, while appellant's attorney elicited harmful testimony from
Vasquez, it appears that appellant had not informed his attorney that he had been arrested
previously. At the punishment hearing, in an attempt to mitigate the fact that appellant had been
arrested previously, appellant's attorney elicited testimony from Vasquez that he did not know
whether there had been any finding of delinquency on the part of appellant in relation to the
previous arrest for aggravated assault. While the testimony was harmful, this instance does not
lead us to conclude that appellant received ineffective assistance of counsel. 

 In reviewing the totality of appellant's legal representation, we conclude that
appellant has failed to demonstrate that he received ineffective assistance of counsel. The trial
court did not abuse its discretion by overruling appellant's motion for new trial. We overrule
appellant's single point of error.



CONCLUSION


 We affirm the trial-court judgment.


Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: April 24, 1996

Do Not Publish



ey had explained
deferred adjudication to him though he could not remember the difference between deferred
adjudication and probation. 

 The credibility of witnesses for purposes of granting a new trial is a matter to be
determined by the trial court. Hafford v. State, 864 S.W.2d 216, 217 (Tex. App.--Beaumont
1993, no pet.) (citing Etter v. State, 679 S.W.2d 511, 515 (Tex. Crim. App. 1984)). In light of
the conflicting testimony heard by the trial court at the hearing on the motion for new trial, the
trial court was in the best position to evaluate the witnesses' testimony. When reviewing the
record and evaluating appellant's attorney's conduct, appellant's allegation of ineffectiveness
regarding his attorney's failure to effectively communicate the State's plea offer is not firmly
founded in the record. We cannot conclude that appellant has shown that his legal representation
was ineffective regarding the plea negotiations. 




TRIAL PREPARATION


 Appellant also argues that his attorney was not properly prepared for trial because
he had only two or three meetings with appellant, he did not meet with appellant the weekend
before trial, he did not obtain a list of witnesses, and he did not prepare appellant for testifying. 

 When an appellant fails to indicate to the appellate court other defenses he may
have had, we cannot second guess the trial strategy employed by trial counsel, and the fact that
another attorney may employ different tactics is insufficient to support a claim of ineffective
assistance of counsel. Martin v. State, 623 S.W.2d 391, 395 (Tex. Crim. App. 1981). Counsel
testified that before trial he had reviewed the State's files and attempted to interview witnesses.

 Appellant does not indicate what defenses he may have had that were not advanced
by counsel or name the witnesses that may have been called but were not. The record reveals that
counsel was not unprepared for trial. He presented witnesses at the punishment hearing and cross-examined the State's witnesses. Appellant has failed to show that his attorney's performance in
this regard amounted to ineffective assistance of counsel.



 ELICITING DAMAGING TESTIMONY


 During the trial's punishment phase, the State called Officer Tim Vasquez. The
State asked Vasquez if he knew appellant. He said that he did and that he knew he had a bad
reputatio