NO.
12-06-00390-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

MICHAEL BELTRAN,        §          APPEAL FROM THE THIRD

APPELLANT

 

V.        §          JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          ANDERSON COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM
OPINION

            Michael
Beltran appeals from his conviction for aggravated assault on a correctional
officer with a deadly weapon, raising six issues.  We affirm. 

 

Background

            Appellant is an inmate in the Texas
Department of Criminal Justice.  He was
serving a twenty–five year sentence for aggravated sexual assault and
aggravated kidnapping when he assaulted prison guard Jerry Smelley.  He assaulted Smelley as he was directing
inmates returning to their cells after a meal. 
Smelley testified that he heard someone call his name and, as he turned
around, he saw a broom being swung in his direction.  Appellant was wielding the broom and he hit
Smelley in the midsection with it.  The
broom broke but Appellant continued to strike Smelley, first across the nose,
then in the hand, and then again in the face. 
The last blow to the face caused Smelley to fall to the floor, whereupon
Appellant continued the assault, hitting him in the back.  Another officer came to help, but Smelley was
helpless on the floor and unable to assist the other officer.  








            Smelley was admitted to the hospital
for his injuries and stayed for two or three days.  The case was tried to a jury four years
later.  At that time Smelley testified
that he still had pain in his nose and that he had a nine inch hematoma in his
abdomen that had not healed.  The jury
found Appellant guilty as charged of aggravated assault on a correctional
officer with a deadly weapon.  The jury
assessed punishment at imprisonment for life. 
Appellant filed a motion for new trial asserting that he was incompetent
during the trial.  The trial court
overruled the motion for new trial following a hearing, and this appeal
followed. 

Competency to Stand Trial

            In his first and second issues,
Appellant argues that the trial court should have halted the trial and
conducted a separate jury trial on the issue of his competence to stand trial
and should have granted his motion for new trial on the basis that he was
incompetent to stand trial.  

Applicable
Law

            A person is competent to stand trial
unless he lacks sufficient ability to consult with counsel with a reasonable
degree of rational understanding or lacks a rational as well as factual
understanding of the proceedings.  Tex. Code Crim. Proc. Ann. art.
46B.003(a) (Vernon Supp. 2007).  A person
is presumed to be competent.  Id.
art. 46B.003(b).  When a party so moves,
or when the trial court becomes aware of evidence suggesting that a defendant
is incompetent, the trial court must conduct an “informal inquiry” to determine
if there is some evidence to support a finding that the defendant may be
incompetent to stand trial.  Tex. Code Crim. Proc. Ann. art.
46B.004(c) (Vernon Supp. 2007).  If there
is such evidence, the trial court must order an examination to determine if the
defendant is competent and hold a trial on the issue of the defendant’s
competency.  Tex. Code Crim. Proc. Ann. art. 46B.005(a), (b) (Vernon Supp.
2007); Alcott v. State, 51 S.W.3d 596, 601 (Tex. Crim. App. 2001)
(applying predecessor statute). 

            We review the trial court’s decision
whether to conduct an inquiry and whether to order a full competency trial for
an abuse of discretion.  Moore v.
State, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999).  We likewise evaluate a trial court’s decision
to deny a motion for new trial for an abuse of discretion.  See Holden v. State, 201 S.W.3d
761, 763 (Tex. Crim. App. 2006).  Motions
for new trial may be granted for a number of reasons, including in the interest
of justice.  Tex. R. App. P. 21.3; State v.
Aguilera, 165 S.W.3d 695, 698 n.9 (Tex. Crim. App. 2005) (citing State
v. Gonzalez, 855 S.W.2d 692, 694 (Tex. Crim. App. 1993)).  A convicted person may raise the issue of
competency to stand trial in a motion for new trial and may present evidence
developed after trial in support of that motion.  See Brown v. State, 960 S.W.2d
772, 778 (Tex. App.–Dallas 1997, pet. ref’d). 
But because the motion for new trial hearing occurs after sentencing and
not “during trial,” the trial court applies the traditional standard for
determining whether to grant a motion for new trial—the trial court considers
all the evidence presented, judges the credibility of the witnesses, and
resolves conflicts in the evidence.  Id.
(citing Hafford v. State, 864 S.W.2d 216, 217 (Tex. App.–Beaumont
1993, no pet.)).  Applying this standard,
the trial court determines whether the defendant was incompetent, thereby
impugning integrity of its judgment.  Id.


Facts

            Before trial, the court had ordered
and received a report about Appellant’s competency to stand trial.[1]  The report indicated that Appellant appeared
to be experiencing auditory hallucinations, or that he was hearing distortions
of actual sounds to which he ascribed a different meaning.  Furthermore, Appellant labored under
delusions about being surveilled extensively, to a much greater extent than an
ordinary prisoner is watched.  The doctor
tentatively concluded that Appellant may suffer from schizo–affective disorder
and thought this diagnosis was more fitting to Appellant’s presentation than a
diagnosis of schizophrenia, delusional disorder, or bipolar disorder.  The doctor noted further that Appellant
sought to downplay his difficulties, denied that he had any mental illness, and
differed from many inmates in that he did not seek to gain a benefit by being
diagnosed as mentally ill.  The doctor
concluded that despite these difficulties, Appellant’s knowledge of the
criminal proceedings was “adequate and accurate” and that he had a “rational
and factual knowledge of the proceedings against him,” was able to assist his
attorney, and was competent to stand trial.

            During trial, Appellant appeared to
lose his composure.  He interrupted the
proceedings and began to try to tell the trial court that a witness “lipped” to
the jury.  Appellant’s counsel sought a
break in the proceedings, which the trial court granted.  Following an early lunch recess, Appellant’s
counsel asked the trial court to abate the proceedings and impanel a jury to
make a competency determination.  The
trial court denied that request. 
Appellant’s counsel made a similar request later in the
proceedings.  After that was denied,
Appellant’s counsel stated that she believed she had obtained Appellant’s
consent to rest without his testifying.

Analysis

            Appellant does not complain that the
trial court did not conduct an informal inquiry into the matter of his
competency.  Rather, he complains that
the trial court was obligated to stop the trial and hold another jury trial on
the issue of his competency.  We conclude
that the trial court did not abuse its discretion in denying Appellant’s
motion.  Appellant’s counsel detailed for
the record some of the problems she was having with Appellant.  She said that he laughed inappropriately,
mumbled to himself, and lost his composure. 
She also said she was having difficulty communicating with him and was
concerned that she could not gain his assistance.  She said that in the past he had become
unsettled, but that he was able to assist her once he could calm down.  Later, she said that she was having a very
difficult time having a rational discussion with him, but moments later said
she believed she had his consent to rest without his testimony.  

            Without the competency report, the
trial court would have been obligated, based on the statements of an officer of
the court, as well as Appellant’s behavior, to conduct an informal inquiry into
Appellant’s competency.  See Tex. Code Crim. Proc. Ann. art.
46B.004(c).  But as to holding a separate
trial, nothing in Appellant’s behavior was inconsistent with the assessment in
the report on Appellant’s competency that the trial court had in its
possession.  The report indicated that
Appellant had some delusional beliefs and that these beliefs sometimes caused
him to act irrationally.  Nevertheless,
the doctor concluded that Appellant was competent.  The trial court could have reasonably
concluded that Appellant’s behavior was consistent with the report and agreed
with counsel’s assessment that Appellant just needed some time to calm down.[2]  Indeed, the trial court recessed the
proceedings, and Appellant did not have another outburst.  Appellant’s counsel stated that she had
concerns about Appellant’s ability to assist her, but she never stated that she
had lost his assistance or that he had lost his ability to understand the
proceedings.  Also, we cannot simply
dismiss the trial court’s first person assessment of Appellant’s behavior, or
discount the possibility that Appellant’s misbehavior was willful.  See, e.g., Burks v. State,
792 S.W.2d 835, 840 (Tex. App.–Houston [1st Dist.] 1990, writ ref’d).  In this context, the trial court reasonably
concluded that there was not evidence to support a finding that Appellant was
incompetent.  We overrule Appellant’s
first issue.

            With respect to whether the trial
court was obligated to grant a motion for new trial, we hold that it was
not.  More evidence was presented at the
motion for new trial hearing, including a competency evaluation done in the
months before the trial.  From that
competency evaluation, as from the first one, the doctor concluded that
Appellant was competent to stand trial. 
Furthermore, the doctor who evaluated Appellant testified at the
punishment phase of the trial, and the trial court had the benefit of his
further explanation.  His testimony was
consistent with his reports—Appellant had challenges but was able to assist his
attorney and understand the proceedings. 


            There was also more specific
evidence in the form of testimony from Appellant’s trial counsel.  Trial counsel stated that Appellant was not
helpful when she was making decisions about which jurors to strike.  But she did not testify that this was because
he was incompetent, just that her clients were not usually of much help to her
in that process and that she had another lawyer assisting her.  More troublesome was her testimony that
Appellant was not “lucid” again after his outburst in court.  She did testify that he was better behaved
later in the trial and that she never reported to the court that her client was
incompetent.[3]  These
statements are difficult to reconcile. 
But in a motion for new trial, the trial court resolves factual
issues.  The court observed Appellant
during trial, had the benefit of two formal competency evaluations, and heard
the testimony of the doctor who evaluated Appellant.  Each evaluation stated that Appellant had
some mental health issues that were consistent with the actions the trial court
observed.  Nevertheless, the doctor
concluded that Appellant was competent to stand trial.  In that context, the trial court did not
abuse its discretion by determining that its judgment had not been impugned and
by overruling the motion for new trial. 
We overrule Appellant’s second issue.

 

Self Defense 

            In his third and fourth issues,
Appellant argues that the trial court should have instructed the jury on the
law of self defense on its own motion and that his attorney rendered
ineffective assistance of counsel for failing to request such an instruction.

Standard
of Review

            A defendant must object before the
jury is charged to preserve a complaint about the jury charge.  See Tex.
Code Crim. Proc. Ann. art. 36.19 (Vernon Supp. 2007); Almanza v.
State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).  Relief may be granted when there is not an
objection, but only for egregious errors. 
Almanza, 696 S.W.2d at 171.

            Claims of ineffective assistance of
counsel are evaluated under the two step analysis articulated in Strickland
v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674
(1984).  The first step requires an
appellant to demonstrate that trial counsel’s representation fell below an
objective standard of reasonableness under prevailing professional norms.  See Strickland, 466 U.S.
at 688, 104 S. Ct. at 2065; McFarland v. State, 928 S.W.2d 482,
500 (Tex. Crim. App. 1996). 

            The second step requires the
appellant to show prejudice from the deficient performance of his
attorney.  See Hernandez v.
State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999).  To establish prejudice, an appellant must
show that there is a reasonable probability that the result of the proceeding
would have been different but for counsel’s deficient performance.  See Strickland, 466 U.S.
at 694, 104 S. Ct. at 2068.  

            We begin with the strong
presumption that counsel’s conduct falls with the wide range of reasonable
professional assistance.  See Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  As part of this presumption, we begin with a
presumption that counsel’s actions and decisions were reasonable and were
motivated by sound trial strategy, and an appellant has the burden of proving
ineffective assistance of counsel.  See
id.

Analysis

            Appellant’s counsel
prepared the jury charge that was given by the trial court.  Counsel did not object to the jury charge and
did not request a self defense instruction. 


            The trial court is not
required to give a defensive instruction if the defendant does not request
it.  See Posey v. State,
966 S.W.2d 57, 62 (Tex. Crim. App. 1998). 
In Posey, the court of criminal appeals concluded based on
the relevant statutes, and the legislative intent behind them, that a trial
court did not commit “error” if it did not give an unrequested defensive
instruction and that it was antithetical to the judicial function for a trial
court to engage in what is essentially a strategic decision to be made by an
advocate.  Id. at 62–63.  

            Consistent with this
principle, the court of criminal appeals has held that absent a request, it is
not error for a trial court not to instruct the jury on the law regarding
lesser included offenses, defense of a third person, or mistake of fact.  See Delgado v. State, 235
S.W.3d 244, 250 Tex. Crim. App. 2007); Bennett v. State, 235
S.W.3d 241, 243 (Tex. Crim. App. 2007); Thompson v. State, No.
PD-0044-06, 2007 Tex. Crim. App. LEXIS 871, at *32 (Tex. Crim. App. June 27,
2007); see also Denton v. State, Nos. 12-06-00003-CR,
12-06-00004-CR, 2007 Tex. App. LEXIS 1706, at *24–25 (Tex. App.–Tyler Mar. 7,
2007, no pet.) (mem. op., not designated for publication) (not error for trial
court not to give self defense instruction when not requested). 

            The trial court is
obligated to properly state the law, and when it gives a defensive instruction,
it can be egregious error if the instruction does not correctly state the
law.  See State v. Barrera,
982 S.W.2d 415, 416 (Tex. Crim. App. 1998). 
But it is not “error” at all when a trial court does not give an
unrequested defensive instruction.  See
Thompson,  2007 Tex. Crim.
App. LEXIS 871, at *32 (“The charge contained no instruction regarding the
mistake of fact defense, but Appellant failed to request its submission, and as
a result, no error occurred with respect to the absence of that defensive
instruction.”).  Appellant did not
request a self defense instruction. 
Therefore, this complaint is not preserved for our review, and there is
no error.  We overrule Appellant’s third
issue.

            Appellant argues in the
alternative that counsel’s failure to request a self defense instruction is
ineffective assistance of counsel.  We
disagree.  Our analysis of ineffective
assistance of counsel affords substantial deference to trial counsel’s
strategic decisions and presumes that counsel’s actions fell within the wide
range of reasonable and professional assistance.  See Bell v. State, 90 S.W.3d
301, 307 (Tex. Crim. App. 2002). 
Appellant made no record to support his claim of ineffective assistance
of counsel—the issue was not raised at the hearing on the motion for new trial—and
as such has not rebutted the presumption of competent counsel.  See Thompson v. State, 9 S.W.3d
808, 815 (Tex. Crim. App. 1999) (presumption not overcome, in part, because
appellant did not show reason for counsel’s failure to object).  There was scant evidence to support a self
defense claim in this case, and we presume that counsel made a reasonable and
strategic decision about how to conduct the defense.  See Salinas v. State,
163 S.W.3d 734, 740 (Tex. Crim. App. 2005). 
Appellant has not overcome the presumption that counsel rendered
effective assistance.  We overrule
Appellant’s fourth issue.

Use of
Restraints During Trial

            In his fifth issue,
Appellant argues that the trial court abused its discretion when it ordered him
to be restrained during trial.

            Generally, a criminal
defendant has the right to be tried without the use of restraints, and a trial
court must have a compelling reason to use visible restraints on a defendant
during trial.  Deck v. Missouri,
544 U.S. 622, 630–31, 125 S. Ct. 2007, 2013, 161 L. Ed. 2d 953 (2005).  We review a trial court’s decision to
restrain a defendant for an abuse of discretion.  Culverhouse v. State, 755
S.W.2d 856, 859–60 (Tex. Crim. App. 1988). 
Efforts must be made to shield the restraints from the jury if that is
possible.  Long v. State,
823 S.W.2d 259, 282 (Tex. Crim. App. 1991). 
And restraints are only to be used as a last resort.  See Culverhouse, 755
S.W.2d at 760; Molina v. State, 971 S.W.2d 676, 679
(Tex. App.–Houston [14th Dist.] 1998, pet. ref’d).

            The trial court
concluded restraints were appropriate, apparently in response to Appellant’s
outburst.  The court asked the defense if
there was an objection to the restraints. 
Appellant’s counsel asked, “Your honor, can we take up another matter
before responding to that?”  Then the
lawyers discussed whether the trial had to be abated so that another trial
could be held on the issue of incompetency. 
Counsel never objected to the restraints.[4]

            This issue is not
preserved for our review because Appellant did not object to the
restraints.  While a trial court is not
required to hold a formal hearing on the issue of restraints, the court is
obliged to clearly state the reasons for the restraint, and the record “must
affirmatively reflect those reasons, not in general terms but with
particularity.”  See Culverhouse,
755 S.W.2d at 860 (suggesting in footnote that such a hearing “may be advisable”).

            The record here does not
contain an explicit description of the reasons for the shackling or the
measures taken, how long they were in place, or whether they were visible to
the jury.  These particulars are missing
because Appellant did not object, perhaps because the reasons for the
restraints were obvious to those present. 
If there had been an objection, the trial court would have been
obligated to place the reasons for the restraints on the record, and we could
review that decision.  We have found no
authority, and Appellant has provided none, exempting this complaint from the
ordinary procedural default rules.  See Tex. R. App. P. 33.1(a)(1)(A).  There was no objection, and so Appellant has
not preserved this issue for our review. 
We overrule Appellant’s fifth issue.

Sufficiency of
the Evidence to Support Deadly Weapon Finding 

            In his sixth issue,
Appellant argues that the evidence is legally insufficient to support the jury’s
verdict.  Specifically, Appellant argues
that the broom he used to assault Smelley was not a deadly weapon.

Applicable Law

            We review the legal
sufficiency of the evidence to support a criminal conviction to assess whether
any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt after viewing the evidence in a light most favorable
to the prosecution.  Drichas v.
State, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005).  As charged, the State had to prove that
Appellant assaulted a public servant and used a deadly weapon in the commission
of the offense.  Tex. Penal Code Ann. § 22.02(a)(2) (Vernon Supp. 2007).  A deadly weapon is “anything that in the
manner of its use or intended use is capable of causing death or serious bodily
injury.”  Tex. Penal Code Ann. § 1.07(a)(17)(B) (Vernon Supp. 2007); Drichas,
175 S.W.3d at 798.  Ordinary items may be
deadly weapons depending on the manner in which they are used during the
commission of an offense.  Thomas
v. State, 821 S.W.2d 616, 620 (Tex. Crim. App. 1991). 

Analysis

            A broom is not usually
considered a weapon.  The State’s theory
was that Appellant’s manner of use or intended use of the broom made it a
deadly weapon.  Appellant argues that the
broom is not a deadly weapon because the prison did not secure their brooms,
because testimony that it was used as a spear was “extensively impeached,”  because the broom broke and did not cause
significant injuries, because the expert testimony on the issue of whether the
broom was a deadly weapon was “very limited,” and because the State failed to
lay the proper foundation and predicate for the expert testimony.

            The jury saw the broom.  An expert, a prison guard, testified that it
was capable of causing serious bodily injury and that it was a deadly weapon,
akin to his riot baton.  Smelley
testified about the assault.  He
testified that when he was hit in the abdomen it “almost knocked [him] out.”  He said that when Appellant hit him in the
hands, it hurt so much that he had to stop shielding his face with his hands,
that Appellant eventually beat him to the floor, and that he continued to beat
him while on the floor.  Smelley testified
that he was treated in the hospital for several days for his injuries.  He testified that he still had a nine inch
hematoma where he was struck in the abdomen and that he still had some pain
from the incident, despite the passage of several years.  

            Our review of the
evidence is in the light most favorable to the verdict.  A rational jury could have discounted
Appellant’s argument that the broom was not a deadly weapon because the prison
officials allowed them to be on the cell block. 
Certainly that is a suggestion that the prison authorities did not
consider it to be immediately dangerous, but it does not mean that the jury
could not have concluded that the broom was a deadly weapon as it was
used.  Likewise, a rational jury could
disagree with Appellant’s contention that the testimony about the spearing was
impeached, and disagreed with the assessment that the injuries were not serious
or that death or serious bodily injury could not have occurred.  There was testimony, including expert
testimony that the jury could have credited, that the broom was, as used, a
deadly weapon and that the victim sustained injuries.  Furthermore, because of the seriousness of
the assault, the jury could have concluded that 
the manner of use or intended use of the broom was to cause serious
bodily injury or death.  Accordingly, we
hold that the evidence in this case, viewed in a light most favorable to the
verdict, supports a conclusion that a rational trier of fact could have determined
beyond a reasonable doubt that the broom was a deadly weapon.  We overrule Appellant’s sixth issue.

 

Disposition

            Having overruled
Appellant’s six issues, we affirm the judgment of the trial
court.

 

                                                                                                     JAMES T. WORTHEN                                                                                                                   Chief Justice

 

Opinion
delivered November 30, 2007.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

(DO
NOT PUBLISH)











[1] Two competency assessments were completed prior to trial; one was done
in March 2005 and the second was done in March 2006.  The trial was held in July 2006.  During the hearing on the motion for new
trial, Appellant’s counsel testified that the first report had been furnished
to the court prior to trial.  It is not
clear whether Appellant gave the second report to the trial court before the
hearing on his motion for new trial.





[2] Appellant argues that the trial court’s twice characterizing Appellant’s
actions as “irrational” means that the trial court agreed that he was
incompetent.  We disagree.  Appellant’s counsel argued that he was
suffering from a mental illness.  The
court responded that his actions were irrational.  This does not establish that the court
believed he was unable to assist in his defense or understand the proceedings,
just that he was behaving in an inappropriate way.





[3]
[Prosecutor]:                      Okay.
And did you ever argue to the Court that, “No he needs a psychologist.  I really feel like he’s incompetent.”

                                                                                                                

                [Appellant’s
Counsel]:        No, I did not.





[4] The court said, “With all due respect I’ll deny your motion to
stay.  We’re going to continue on.”  Counsel responded, “Okay.  And your Honor, I don’t know at what point .
. . I have to object.  I guess for now I
want to object to proceeding with the defendant.”  The court then repeated that it was going to
leave Appellant restrained, asked whether there was anything else, and
continued with the trial.  Counsel’s
objection was to proceeding without a competency trial.  Counsel never objected to proceeding with
Appellant in restraints.